OPINION
{¶ 1} On September 25, 2002, a seventy-eight count complaint was filed by the Village of Versailles, Ohio against the Appellant, Robert C. Poly. The complaint alleged thirty-nine violations of the Versailles Zoning Ordinance and thirty-nine violations of the Versailles Flood Prevention Ordinance. The violations stemmed from a modified steel trailer that Poly had located next to a building on his property that he was modifying into a deck. Both ordinances provide that each day a violation of the ordinance continues shall be considered a separate offense. Poly was charged with violating the two ordinances on thirty-nine consecutive days from August 16, 2002 through September 23, 2003.
 {¶ 2} Poly was served with a copy of the complaint and summons on September 30, 2002. On October 10, 2002, Poly filed a motion to dismiss, arguing the action was filed in the wrong court. On October 15, 2002, Poly filed another motion to dismiss, arguing selective prosecution. The trial court overruled both motions on November 12, 2002 after holding a hearing. The trial court then set the trial for November 19, 2002.
 {¶ 3} On the trial court's own initiative, the November 19, 2002, trial date was canceled, and on November 20, 2002, the trial court rescheduled the trial for December 19, 2002. Also on November 20, 2002, Poly filed a motion to dismiss alleging a violation of his R.C. 2945.71 speedy trial rights.
 {¶ 4} On December 12, 2002, a hearing was held on Poly's motion, and on December 19, 2002, the trial court filed its written decision overruling the motion. The trial was held as scheduled on December, 19, 2002. At trial, Poly appeared pro se.
 {¶ 5} On August 8, 2003, the trial court filed a written decision finding that Poly's property was subject to both the Versailles Zoning Ordinance and the Versailles Flood Damage Prevention Ordinance; that the existing structure on Poly's property meets the definition of a building and structure in both ordinances; that the trailer was placed on foundation type supports adjacent to the existing building with dirt being excavated, moved, graded and filled around the new foundation of the trailer; that the trailer was being modified to be added to the existing building as a deck; and, that the activities taking place on Poly's property as part of the building a new deck meet the definition of "development" under the Flood Damage Prevention Ordinance. The trial court found Poly guilty of violating both ordinances.
 {¶ 6} Although the trial court could have imposed a fine and/or imprisonment for each day that Poly violated the ordinances, the trial court concluded that such punishment would be excessive. The trial court imposed a $200 fine for violating the Zoning Ordinance and a $100 fine for violating the Flood Damage Prevention Ordinance.
 {¶ 7} Poly appeals the trial court's decision. He argues that the case never should have proceeded to trial because his R.C.2945.71 right to a speedy trial was violated.
 {¶ 8} R.C. 2945.73(B) states: "Upon motion made at or priorto the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."
 {¶ 9} R.C. 2945.73 provides no recourse after the trial has commenced. Therefore, Poly's appeal is limited to whether the trial court erred in overruling his November 20, motion to dismiss on speedy trial grounds.
 {¶ 10} When a defendant has been charged with offenses of different degrees of seriousness, the applicable speedy trial limits are those for the time limit required with respect to the highest degree of offense. R.C. 2945.71(D). R.C. 2945.17(A) states that a minor misdemeanor charge shall be brought to trial within thirty days after the service of summons. R.C.2945.71(B)(1) states that a third or fourth degree misdemeanor charge shall be brought to trial within forty-five days after the service of summons.
 {¶ 11} The thirty-nine counts alleging violations of the Versailles ordinance charge minor misdemeanor offenses. The thirty-nine counts alleging violations of the Flood Prevention Ordinance charge misdemeanors of the fourth degree. Because the fourth degree misdemeanor was the highest degree of offense with which Poly was charged, R.C. 2945.71(B)(1) dictates that he must be brought to trial within forty-five days after he was served his summons.
 {¶ 12} The time within which the accused must be brought to trial may be extended by "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E).
 {¶ 13} The record shows that Poly extended the date by which he had to be brought to trial when he filed his October, 10, 2002, motion to dismiss. Poly's speedy trial time was tolled by the thirty-four days between the October 10, 2002, when he filed the motion to dismiss and November, 12, 2002, when the trial court ruled on Poly's motions.
 {¶ 14} On November 20, 2002, Poly filed a R.C. 2945.73 motion to dismiss arguing that he should be discharged because he was not brought to trial within the forty-five day period mandated by R.C. 2945.71(B)(1). The trial court overruled Poly's motion to dismiss finding that Poly's own motions had extended the time within which he had to be brought to trial.
 {¶ 15} We agree. Poly's forty-five day speedy trial period commenced when Poly was served a summons on September 30, 2002. However, Poly's speedy trial deadline was extended by the thirty-four days between the October 10, 2002, when he filed the motion to dismiss and November, 12, 2002, when the trial court ruled on Poly's motions. This extension brought Poly's speedy trial deadline well into mid December. Therefore, the trial court was correct in overruling Poly's November 20, 2002, motion to dismiss, which was predicated on the discharge provisions of R.C.2945.73.
 {¶ 16} Having affirmed the trial court's ruling on Poly's November 20, 2002 motion to discharge, we must overrule Poly's sole assignment of error.
Brogan, J. and Young, J., concur.